**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY ROSS MILLER,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>COUNTY OF THURSTON; NICOLAS ANDERSEN, Officer / Badge (P92); JOEL NAULT, Officer / Badge (P45),<br><br>      Defendants - Appellees. | No. 24-7449<br><br>D.C. No.<br>3:23-cv-05745-TMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Tiffany M. Cartwright, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Timothy Miller appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations stemming from his

arrest and prosecution for domestic violence crimes.  We have jurisdiction under

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Miller's Fourth Amendment claim because Miller failed to raise a genuine dispute of material fact as to whether defendants lacked probable cause to arrest him for assault and malicious mischief. *See United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004) (explaining that "probable cause exists when there is a fair probability or substantial change of criminal activity" under "the total circumstances known to the officer" (citation and internal quotation marks omitted)); *see also* Wash. Rev. Code § 9A.36.041(1) (assault in the fourth degree); Wash. Rev. Code § 9A.48.090(1)(a) (malicious mischief in the third degree); *State v. Stevens*, 143 P.3d 817, 821 (Wash. 2006) (defining "assault" under Washington law).

The district court properly granted summary judgment on Miller's Fourteenth Amendment claim because Miller failed to raise a genuine dispute of material fact as to whether defendants acted with a discriminatory purpose in arresting him. *See Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1152-53 (9th Cir. 2007) (explaining requirements of an equal protection claim premised on discriminatory enforcement of criminal laws).

The district court properly granted summary judgment on Miller's Second Amendment claim because Miller failed to raise a genuine dispute of material fact

24-7449

as to defendants' participation in the imposition of any firearm restriction, or whether any such restriction was unconstitutional. *See United States v. Rahimi*, 602 U.S. 680, 690 (2024) ("When a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect."); *Jones v. Williams*, 287 F.3d 930, 934 (9th Cir. 2002) (stating that liability under § 1983 requires "a showing of personal participation in the alleged rights deprivation").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**